89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry BLEVINS, Defendant-Appellant.
 No. 95-5913.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; EDMUNDS,* District Judge.
 PER CURIAM.
 
 
 1
 The defendant, Jerry Blevins, appeals his sentence of 77 months as a result of pleading guilty to two counts of a multicount indictment. He claims that the district court erred by holding him responsible for relevant conduct involving the sale of crack cocaine by a codefendant, Jerrod Massengale. We affirm.
 
 
 2
 Blevins and Massengale were indicted as a result of the sale of marijuana and cocaine, including cocaine base (crack), to undercover agents by both Blevins and Massengale. Blevins entered into a plea agreement and pleaded guilty to conspiracy to distribute and possess with the intent to distribute marijuana (Count 1), in violation of 21 U.S.C. § 846, and aiding and abetting Massengale in distributing crack (Count 7), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.
 
 
 3
 At sentencing, based on the quantity of drugs involved, pursuant to USSG § 2D1.1, the court found that the base offense level was 26. However, the court gave Blevins credit for acceptance of responsibility under USSG § 3E1.1, reducing the offense by three levels. It further decreased the offense level by two, finding that Blevins was a minor participant in the criminal activity, under USSG § 3B1.2(b). With a criminal history category of VI, the Guideline range for Blevins was a sentence of 77-96 months. The court sentenced him at the bottom of the Guideline range.
 
 
 4
 The primary contention of Blevins on appeal is that he is not responsible for the crack distribution conduct by Massengale. In order to be held responsible for Massengale's distribution, Massengale's conduct must be in furtherance of criminal activity that Blevins jointly agreed to undertake with Massengale and the conduct must have been reasonably foreseeable to Blevins. USSG § 1B1.3(a)(1)(B). The district court found that the distribution by Massengale was a joint enterprise between Blevins and Massengale and that it was reasonably foreseeable. First, Blevins was a coconspirator with Massengale in the distribution of marijuana. Second, Blevins pleaded guilty to aiding and abetting Massengale in the distribution of crack on August 3, 1993, when 4.1 grams of crack were sold to an undercover agent. The crack sales which are contested concern the sale of 2.0 grams on July 19, 1993, and 1.2 grams of crack on July 22, 1993. On the first occasion, July 19, Blevins accompanied Massengale, who told the undercover agents he could get the crack for them at a cost of $1100.00. While Massengale was negotiating the sale of the crack, Blevins sold marijuana to undercover agents. On July 22, Blevins again accompanied Massengale when the undercover agents gave Massengale $1100.00 to purchase crack cocaine. After Blevins and Massengale left and returned, Massengale produced the crack cocaine sold on that occasion.
 
 
 5
 The district court made specific findings based upon undisputed facts in the case. Factual findings concerning the amount of narcotics for which a defendant is to be held accountable will be accepted by this court unless the findings are clearly erroneous. United States v. Okayfor, 996 F.2d 116, 120 (6th Cir.), cert. denied, 114 S.Ct. 238 (1993). The district court was not clearly erroneous in making these findings.
 
 
 6
 Blevins also contends that the court erred by relying upon the presentence report in making its findings. Blevins cited United States v. Wise, 976 F.2d 393, 404 (8th Cir.1992) (en banc), cert. denied, 507 U.S. 989 (1993), for the principle that a presentence report is not evidence for making findings on contested issues of fact. However, in this case there was no dispute about the facts that were in the presentence report. The only dispute was whether Blevins' and Massengale's actions constituted a joint enterprise, and whether Massengale's sales were foreseeable. Blevins did not contest the fact that Massengale sold the crack in Blevins' presence, nor did he contest the fact that he had discussions with the undercover agents and sold them marijuana. The district court properly drew the inferences of finding a joint enterprise in the sale of crack and that such conduct was reasonably foreseeable, based upon these uncontested facts.
 
 
 7
 Even were Blevins responsible only for the sale of marijuana and the sale of cocaine listed in Count 7 to which he pleaded guilty, this court notes that the Guideline range for these amounts would be 63-79 months. Blevins' sentence of 77 months falls within this range.
 
 
 8
 However, we are not deciding this case on that basis. We leave to another day the question of whether a case should be remanded when there is error in the Sentencing Guidelines, but the Guideline range as correctly computed still leaves the defendant's sentence within a range which includes the sentence he originally received.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation